**UNITED STATES**

v.

**William Henry COLEMAN, 543 52 4494, Electrician's Mate First Class (E–6), U.S. Navy.**

**NMCM 85 0803.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 5 Nov. 1984.

Decided 15 April 1985.

MAJ Michael E. Canode, USMC, Appellate Defense Counsel.

LT Don W. Fox, JAGC, USNR, Appellate Defense Counsel.

CAPT W.J. Hughes, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and COUGHLIN and CASSEL, Judges.

PER CURIAM:

The accused was found guilty of unauthorized absence from 3 April 1978 to 11 September 1984 in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. The military judge sentenced the accused to be fined $750.00, to be reduced to pay grade E–1, and to be discharged from the Naval Service with a bad conduct discharge. He recommended, however, that the convening authority consider suspension of both the bad conduct discharge and the reduction in rate below pay grade E–5 for the remainder of the accused's enlistment. (R. 53.)

The convening authority approved the sentence as adjudged, presumably without knowledge of the clemency recommendation by the military judge. The convening authority's action is silent on the matter and the staff judge advocate had erroneously advised him that there was no such clemency recommendation.

Accordingly, the convening authority's action is set aside, and the record of trial is returned to the Judge Advocate General of the Navy to be remanded for a new staff judge advocate's recommendation and convening authority's action.

It is noted that trial defense counsel failed to comment on the misadvice in the staff judge advocate's recommendation to the convening authority, although timely served with a copy thereof in accordance with R.C.M. 1106, *Manual for Courts-Martial, 1984.*

CASSEL, Judge (dissenting):

I must inject a note of realism. The sentence was adjudged on 5 November 1984. The record was authenticated 18 December 1984. It was forwarded to the convening authority on 27 December 1984 without a receipt because appellant was on appellate leave and his defense counsel was to receive his copy of the record. He receipted for that on 3 January 1985. The recommendation required by R.C.M. 1106,

with the erroneous advice, was dated 22 January 1985. There was no R.C.M. 1106(f)(4) response and the action of the convening authority was taken on 30 January 1985.

We should be able to presume that both of the defense counsel (trial and appellate) and the convening authority have performed responsibly and that all were aware of the provisions of paragraph 3420280–2 of the Naval Personnel Manual requiring an individual's written request for appellate leave before the convening authority's action. So, while the paperwork was incorrect, there was no prejudice. Since the Court of Military Appeals in *United States v. Remai*, 19 M.J. 229 (C.M.A.1985), has finally adopted the rule of *United States v. Hasting*, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983); and we are guided by 10 U.S.C. § 859(a); we should affirm the findings and sentence in this case.